SOLOMON BOSTON, d. b., *vs.* SARAH TENNANT, p. b.

The justice's record should state that the cause was heard on the *proofs* and allegations of the plaintiff, but if the record shows that it was so it will be sufficient.

CERTIORARI to Justice Wilson.

The record showed that this action was on a book account, a copy of which, as well as of the defendant's account against plaintiff, was sent up. The defendant not appearing, the justice gave judgment against him by default. He afterwards appeared and claimed a new trial by referees, which was granted, and the trial had. The record stated that the referees "appear, are sworn respectively, and proceed to the investigation of parties' accounts, &c., and report in favor of plaintiff, for the sum of $45 91." Judgment rendered on the report for $45 91 debt and $2 50 costs.

The exception was, that the record did not show that the referees heard the cause upon the *proofs*, as well as upon the allegations of the parties; but the court said that this was sufficient.

Judgment affirmed.

*Ridgely*, for plaintiff in error.
*Wootten*, for defendant.

————•>>>◦◉◦<<<•————

WILLIAM LAWS, d. b. *vs.* THOMAS A. JONES, p. b.

In an action for taxes, the record should show that the plaintiff was a collector, and that the defendant had removed from the county, or died, without paying the tax.

CERTIORARI to Justice Tindal.

"Record, to wit: Thomas A. Jones *vs.* William Laws, who formerly acted as agent for Newton Rust. Summons for taxes issued the 1st. February, 1838, returnable 24th February, demand $3 39. The parties appeared, and after hearing the allegations of the parties, judgment in favor of plaintiff for $3 39 debt, and 56 cents costs.

The exceptions were—1. That the defendant was not liable to a suit against him as the former agent of Rust. 2. That the claim was for a tax, and it does not appear that Newton Rust had removed from the county, or had died without paying the same; and 3. That it does not appear that the plaintiff was a collector of county rates and levies.